# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION AT COLUMBUS

| | | |
|---|---|---|
| JOHN DALE ALLEN, | : | Case No. 2:25-cv-1012 |
| | : | |
| Plaintiff, | : | District Judge Edmund A. Sargus, Jr. |
| | : | Magistrate Judge Kimberly A. Jolson |
| vs. | : | |
| | : | |
| B. FORREN, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| | : | |

## REPORT AND RECOMMENDATION

Plaintiff, a resident of Westerville, Ohio, and a former prisoner in the Ohio Department of Rehabilitation and Correction, brings this *pro se* civil rights action under 42 U.S.C. § 1983, the Uniform Commercial Code (UCC), and Ohio state law. *See Jordan v. Moore*, No. 99-3489, 2000 WL 145368, at *1 (6th Cir. Feb. 2, 2000) ("the district court properly construed the complaint as filed under 42 U.S.C. § 1983 as this circuit does not recognize direct constitutional claims against local officials and municipalities"). Having initially filed a substantially identical case in this Court in 2024, under Case 2:24-cv-3782, Plaintiff voluntarily dismissed that action upon his incarceration. Now, having been released from prison, Plaintiff has refiled the case, albeit with some changes to the named Defendants. Plaintiff seeks to challenge his arrest, subsequent Muskingum County, Ohio, convictions by no-contest plea, and sentence for theft, telecommunications fraud, and the unauthorized practice of law.[1] He has been granted leave to

---

[1]The docket in Plaintiff's Muskingum County Court Case, No. CR2024-163 (*see* Case No. 2:24-cv-3782 (Doc. 1-1 at 4)), may be viewed at: https://clerkofcourts.muskingumcounty.org/eservices/searchresults.page?x=fvrNcA-cLV9CpxBwyYmkiSYtMmPyBtj6W307RLMkC1pQhs0GmlQWiHMIY7zWglGqPpxujTvFUV1iDlw*iiEjeg. The Court may take judicial notice of proceedings in its own and other courts of record. *See Rodic v. Thistledown Racing*

proceed *in forma pauperis* by separate order.

This matter is before the Court for a s*ua sponte* review of the newly filed Complaint (Case No 2:25-cv-1012 (Doc. 1-1)) to determine whether the Complaint or any portion of it should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B).

## I.    STANDARD

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)).  To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious.  *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i).  A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law.  *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990).  An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist.  *Neitzke,* 490 U.S. at 327.  An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible."  *Denton*, 504 U.S. at 32; *Lawler*, 898 F.2d at 1199.  The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a

---

*Club, Inc.*, 615 F.2d 736, 738 (6th Cir. 1980) (quoting *Granader v. Public Bank*, 417 F.2d 75, 82 83 (6th Cir. 1969)). *See also National Union Fire Ins. Co. v. VP Bldgs., Inc.*, 606 F.3d 835, 839 n.2 (6th Cir. 2010); *Lyons v. Stovall*, 188 F.3d 327, 333 n.3 (6th Cir. 1999).

complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."

3

*Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

## II.  ALLEGATIONS

Plaintiff brings his Complaint against Defendants Blendon Township Officer "B. Forren," Muskingum County Sheriff Matt Lutz, Muskingum County Prosecutors Ron Welch and Gerald V. Anderson, II, defense counsel Keith Edwards, Muskingum County Detective Brad Shawger, Jessica Marshall, Brandon Morgan, and Muskingum County Common Pleas Judge Kelly J. Cottrill (misspelled "Cottrell" by Plaintiff) in their individual and official capacities. He also names various, unidentified Blendon Township Officers as "J. Doe" Defendants. (Doc. 1-1 at 1–2).

Plaintiff, who describes himself "as an elderly man of 73 years in very poor health," alleges that, on April 16, 2024, Defendant Officer Forren and unidentified "J. Does" banged on his door. When Plaintiff answered the door, Forren allegedly told him that he was under arrest. Plaintiff asserts that he demanded to see the warrant but Forren told him that he did not have one. According to Plaintiff, Forren then "manhandled [him], handcuffed [him], and kidnapped [him] placing him in the backseat of a police car." (*Id.* at 2).

Plaintiff alleges that he was taken to the Franklin County Jail, where he was given a copy of the arrest warrant. Plaintiff asserts that the warrant was a "sham," however, because it was signed by a deputy clerk and not a judge. (*Id.*).

Plaintiff alleges that on April 19, 2024, a "J. Doe" Defendant employee of the Muskingum County Sheriff's Department transferred him to the Muskingum County Jail, where bail was set at $75,000. Plaintiff remained at the Jail until April 22, 2024, when he paid the allegedly excessive bail. (*Id.* at 3).

Plaintiff states that, after paying bail, he was forced to report to the Muskingum County Probation Department on a weekly basis and was restricted in his ability to travel. Plaintiff was also "forced" to take a drug test on May 20, 2024, which came back negative. (*Id.*).

Plaintiff asserts that Defendants Muskingum County Prosecutor Welch, Judge Cottrill, and unidentified "J. Does" continued to prosecute the case, which Plaintiff asserts was instigated by Defendants Marhsall, Morgan, and Detective Shawger. On June 10, 2024, Plaintiff pleaded no contest to the charges, on the advice of Defendant Edwards, his attorney, who Plaintiff asserts had numerous meetings with Defendants Prosecutor Anderson and Judge Cottrill. Plaintiff alleges that he feared he would be incarcerated following his no-contest plea in retaliation for filing this lawsuit and that he was in fact sentenced to a term of 12 months imprisonment. (*Id.*).

Plaintiff alleges that, as a result of the Defendants' actions, he has suffered deprivations of his rights to life, liberty, and the pursuit of happiness, as well as extreme embarrassment, shame, anxiety, and mental distress. He also alleges that he has been "abused as an elderly man," and has incurred expenses for alternate transportation. (*Id.* at 3).

For relief, Plaintiff seeks damages totaling over $32,000,000. (*Id.* at 4–5).

## III.    ANALYSIS

Based on the above allegations, Plaintiff brings three groups of claims, each alleged against all the Defendants. In his "First Claim," Plaintiff alleges that Defendants violated the United States and Ohio Constitutions by "unlawfully assault[ing] and abus[ing]" him and depriving him of "his rights to life, liberty and the pursuit of happiness," that Defendant Forren violated the Fourth Amendment to the United States Constitution by making an "unreasonable and warrantless seizure of Plaintiff," that Defendants acted "pursuant to policies or customs of assisting one another" and without "a court order signed by a judge," and that Defendants failed to adopt clear policies and

5

train their employees, causing the alleged deprivation of Plaintiff's constitutional rights.  (Doc. 1-1 at 3–4).  In his "Second Claim," Plaintiff alleges that the alleged deprivation of his rights "to life, liberty and the pursuit of happiness" constituted a conversion.  (*Id*. at 4).  In his "Third Claim," Plaintiff alleges that his arrest violated the Uniform Commercial Code (UCC) and that he fears unspecified retaliations from Defendants.  (*Id*.).  For the reasons set forth below, the Complaint should be **DISMISSED**.  28 U.S.C. § 1915(e)(2)(B).

A.      **Plaintiff's First Claim**

What Plaintiff's labels his first claim is better construed as several separate allegations of civil rights violations.  The Undersigned considers each.

1.      *Fourth Amendment Challenges to Plaintiff's Arrest*

The Fourth Amendment challenges to Plaintiff's arrest contained in the First Claim are subject to dismissal.  In this regard, Plaintiff alleges that all the Defendants "unlawfully assaulted and abused" him and deprived him of "his rights to life, liberty and the pursuit of happiness." (Doc. 1-1 at 3–4).  He also alleges that Defendant Forren made an "unreasonable and warrantless seizure" of him.

As an initial matter, "[s]ummary reference to a single, five-headed 'Defendants' does not support a reasonable inference that *each* Defendant is liable for [the alleged constitutional violation]." *Boxill v. O'Grady*, 935 F.3d 510, 518 (6th Cir. 2019) (citing *Heyne v. Metro. Nashville Pub. Sch.*, 655 F.3d 556, 564 (6th Cir. 2011)) ("This Court has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what *each* defendant did to violate the asserted constitutional right.") (in turn quoting *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008)).

Moreover, Plaintiff has failed to allege facts supporting a plausible excessive-force claim against any of the Defendants. When examining a Fourth Amendment excessive-force claim, the Court considers "whether the officers' actions [were] 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Graham v. Connor*, 490 U.S. 386, 397 (1989). Plaintiff's excessive-force claim is entirely conclusory. He merely alleges that Defendant Forren "manhandled" him. (Doc. 1-1 at 2). Without specific factual allegations demonstrating that Plaintiff was subjected to excessive force during his arrest, this Court cannot infer a plausible Fourth Amendment violation. *See Iqbal*, 556 U.S. at 678 ("[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient to state a claim); *see also Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) ("It is by now well established that a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to [him] that *might* be redressed by the law.").

Further, Plaintiff has failed to state a plausible warrantless arrest claim against Defendant Forren. The Fourth Amendment prohibits warrantless entry into a suspect's home absent valid consent or exigent circumstances. *Payton v. New York,* 445 U.S. 573, 590 (1980). Here, however, Plaintiff was not arrested without a warrant. The docket in Plaintiff's underlying criminal case (*see* Footnote 1, above) shows that an arrest warrant was issued for Plaintiff on March 6, 2024. And Plaintiff concedes that he was given a copy of the arrest warrant upon his arrival at the Franklin County Jail. (Doc. 1-1 at 2). While it appears from Plaintiff's allegations that Forren did not have a copy of the warrant when he arrested Plaintiff, "[i]t has long been held that '[t]he fact that the officers did not have physical possession of the warrant at the time of the arrest is of no consequence to the validity of the arrest.'" *Hazelwood v. Keene*, No. CV 5:22-174, 2023 WL

7

6050573, at *5 (E.D. Ky. Sept. 15, 2023) (quoting *United States v. Holland*, 438 F.2d 887, 888 (6th Cir. 1971)).

Additionally, while Plaintiff challenges the validity of the warrant, his no-contest plea waived any alleged defects to the arrest warrant. *See, e.g.*, *Alfiero v. Warren*, No. 2:07 CV 14653, 2009 WL 3388607, at **1, 6 (E.D. Mich. Oct. 16, 2009) (finding that no-contest plea waived challenges to warrant) (citing cases).

Plaintiff has likewise waived any false arrest claim he seeks to assert. To state a false arrest claim under § 1983, "a plaintiff [must] prove that the arresting officer lacked probable cause to arrest the plaintiff." *Osborn v. City of Columbus*, No. 2:20-CV-1229, 2022 WL 2159899, at *8 (S.D. Ohio June 15, 2022), *aff'd sub nom. Osborn v. City of Columbus, Ohio*, No. 22-3570, 2023 WL 2523307 (6th Cir. Mar. 15, 2023). Here, Plaintiff cannot challenge "the officer's probable cause that [he] committed a crime because [he] conceded that fact when [he] pleaded no contest." *Jackim v. Sam's E., Inc.*, 378 F. App'x 556, 561 (6th Cir. 2010).

Accordingly, Plaintiff's Fourth Amendment challenges to his arrest should be dismissed.

> 2.      *Fourth and Fourteenth Amendment Challenges to Plaintiff's Prosecution*

The Fourth and Fourteenth Amendment challenges to Plaintiff's prosecution in the First Claim are also subject to dismissal. As set forth above, Plaintiff alleges that Defendants deprived him of his rights to life, liberty and the pursuit of happiness. (*See* Doc. 1-1 at 3). To the extent that Plaintiff seeks to rely on a Fourth Amendment malicious prosecution theory or the Fourteenth Amendment's Due Process Clause to challenge the validity of his convictions or sentence,[2] his claims are barred unless and until the convictions or sentence are reversed or otherwise invalidated.

---

[2]To the extent that Plaintiff suggest that his sentence to incarceration in this matter was retaliatory for filing this lawsuit (*see* Doc. 1-1 at 3), the Court also notes that the docket in Plaintiff's underlying criminal case (*see* Footnote 1, above) reveals that Plaintiff was sentenced on July 29, 2024, a day before this case was received in this Court. Plaintiff has not pled facts showing that Judge Cottrill was even aware of this lawsuit prior to sentencing Plaintiff.

*Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (holding that a § 1983 civil rights action seeking monetary relief on the basis of an allegedly unconstitutional conviction or sentence will not lie unless the plaintiff has already succeeded in having the conviction or sentence invalidated). *See also Maxwell v. Fields*, No. 1:23-CV-319, 2023 WL 8284236, at *2 (W.D. Mich. Nov. 3, 2023), *report and recommendation adopted*, No. 1:23-CV-319, 2023 WL 8280289 (W.D. Mich. Nov. 30, 2023) (citing *Ramirez v. Dennis*, No. 1:01-CV-160, 2002 WL 34213427, at *4–5 (W.D. Mich. June 6, 2002) (holding that the plaintiff's no-contest plea was a conviction subject to *Heck*)); *Osborn v. City of Columbus*, No. 2:20-CV-1229, 2022 WL 2159899, at **8-9 (S.D. Ohio June 15, 2022), *aff'd sub nom. Osborn v. City of Columbus, Ohio*, No. 22-3570, 2023 WL 2523307 (6th Cir. Mar. 15, 2023) (noting that "[f]or purposes of *Heck*, a no contest plea is a plea of guilty that constitutes a criminal conviction" and finding the plaintiff's malicious prosecution claim to be barred).

Accordingly, because Plaintiff has not alleged that his convictions or sentence have been reversed or otherwise invalidated, any challenges to his prosecution under the Fourth or Fourteenth Amendments should be dismissed.

### 3.    *Failure to Have Adequate Policies*

Finally, Plaintiff alleges in his First Claim that Muskingum County had impermissible policies of "assisting one another" and inadequate training policies. "It is only when the 'execution of [the] government's policy or custom . . . inflicts the injury' that the municipality may be held liable under § 1983." *City of Springfield v. Kibbe*, 480 U.S. 257, 267 (1987) (O'Connor, J., dissenting) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). Muskingum County, therefore, may be liable under § 1983 only if its policies or customs caused the alleged constitutional injury. *Monell*, 436 U.S. at 694.

Plaintiff fails to allege facts supporting a plausible claim that Muskingum County policies caused his alleged harms. His conspiracy claims are merely conclusory and therefore insufficient to state a claim upon which relief can be granted. *See Hamilton v. City of Romulus*, 409 F. App'x 826, 835 (6th Cir. 2010) ("[C]onspiracy claims must be pled with some degree of specificity, and vague and conclusory allegations unsupported by material facts are not sufficient to state a claim."). Similarly, his conclusory failure-to-train assertions (*see* Doc. 1-1 at 3) are the types of legal conclusion couched as a factual allegation that do not pass muster under *Twombly* or *Iqbal*. *Gibson v. City of Cincinnati*, No. 1:21-cv-292, 2021 WL 2934710, at *3 (S.D. Ohio July 13, 2021), *report and recommendation adopted*, 2021 WL 3207923 (S.D. Ohio July 29, 2021) (citing cases). Plaintiff's inadequate policy claims are therefore subject to dismissal.

### B. Plaintiff's Second Claim

In Plaintiff's Second Claim, he makes a conclusory reference to conversion. (Doc. 1-1 at 4). However, he does not allege what property was converted or who converted it. (*See id.*). The Court is left to speculate as to the nature of this claim, which is insufficient to state a claim for relief. "While the Court is obligated to construe Plaintiffs' pleading liberally, it is not required to speculate about the claims Plaintiffs might be asserting." *Davis v. Clare Cnty. DHHS CPS*, No. 1:20-CV-00496, 2020 WL 6526038, at *2 (W.D. Mich. July 15, 2020), *report and recommendation adopted*, No. 1:20-CV-496, 2020 WL 6504447 (W.D. Mich. Nov. 5, 2020) (citing *Young Bey v. McGinnis*, No. 98-1930, 1999 WL 776312, at *1 (6th Cir. Sept. 23, 1999)).

As such, this claim should be dismissed. *See, e.g.*, *Guardino v. Flagler Cty. Tax Collector Off.*, No. 3:18-CV-1318, 2019 WL 1103249, at *2 (M.D. Fla. Feb. 7, 2019), *report and recommendation adopted sub nom. Guardino v. Flagler Cty. Tax Collectors Off.*, 2019 WL 1102177 (M.D. Fla. Mar. 8, 2019) (dismissing conversion claim where "Plaintiff provide[d] no

10

additional relevant information, such as what property was allegedly converted, how it was converted, or why.").

### C. Plaintiff's Third Claim

In Plaintiff's Third Claim, plaintiff alleges, without elaboration, that his arrest and prosecution violated the UCC. (Doc. 1-1 at 3–4). This argument "bears the hallmark of the sovereign citizen movement." *Woodson v. Woodson*, No. 22-MC-00003, 2022 WL 16985602, at *1 (W.D. Tenn. Feb. 18, 2022), *report and recommendation adopted*, No. 22-MC-00003, 2022 WL 16963997 (W.D. Tenn. Nov. 16, 2022). "[T]he UCC is not applicable to criminal proceedings; it applies to commercial transactions." *Barcroft v. State*, 881 S.W.2d 838, 840 (Tex. App. 1994). *See also Bey v. Jefferson*, No. 2:17-CV-1007, 2017 WL 9250348, at *5 (D.S.C. Apr. 24, 2017), *report and recommendation adopted*, No. 2:17-CV-1007, 2017 WL 1956979 (D.S.C. May 11, 2017) (rejecting sovereign-citizen claims under the UCC); *United States v. Mundt*, 29 F.3d 233, 237 (6th Cir.1994) (rejecting similar argument as being "without merit and patently frivolous."). The Court is unable to infer any plausible cause of action under the UCC. Because this claim is premised on an indisputably meritless legal theory, it is frivolous and should be dismissed. *See Neitzke*, 490 U.S. at 327.

To the extent Plaintiff also alleges in this claim that he fears retaliation from Defendants, the only retaliation he suggests in the Complaint is that his sentence to incarceration was in retaliation for the filing of this lawsuit. (*See* Doc. 1-1 at 3). The Court has previously addressed this allegation in considering Plaintiff's First Claim and found it subject to dismissal for the reasons stated above. Plaintiff's third claim should therefore be dismissed.

**D.** **Plaintiff's Miscellaneous Claims**

The Undersigned finally considers several other claims raised throughout Plaintiff's Complaint.

1. *Excessive Bail*

Next, although Plaintiff alleges in the Facts section of his Complaint that his bond was excessive, he does not include an excessive-bond claim. The Court notes, however, that such a claim would not be proper under § 1983. *See Sales v. Sumner Cty. Dist. Attorney's Off.*, No. 3:23-CV-00299, 2023 WL 3871703, at *4 (M.D. Tenn. June 6, 2023) (noting that the proper procedure for challenging bond is by habeas corpus). In any event, "a defendant's claim to pretrial bail becomes moot once the defendant is convicted." *Taylor v. Sheldon*, No. 1:18-CV-231, 2020 WL 896511, at *4 (N.D. Ohio Feb. 25, 2020). Accordingly, to the extent Plaintiff seeks to raise an excessive bail claim, such a claim should be dismissed.

2. *State Law Claims*

In Plaintiff's First Claim, he also alleges that his arrest and prosecution violated the Ohio Constitution. (Doc. 1-1 at 3). Furthermore, in the Facts section of his Complaint, Plaintiff appears to allege a kidnapping claim (*see id*. at 2), and in his Third Claim he alleges human trafficking in violation of Ohio Revised Code § 2905.32 (*id*. at 4). Having found that the Court should dismiss each of Plaintiff's other claims in the Complaint, including all of Plaintiff's federal claims, the undersigned further recommends that the Court decline to exercise supplemental jurisdiction over the remaining state-law claims asserted in the First Claim and dismiss such claims without prejudice. *See Harper v. AutoAlliance Int'l, Inc.*, 392 F.3d 195, 210 (6th Cir. 2004) (although the exercise of supplemental jurisdiction under 28 U.S.C. § 1367 is a matter of discretion, when a

court dismisses all federal claims before trial, it generally should dismiss the state law claims as well).

As a final note, the Undersigned observes that certain claims Plaintiff asserts against certain Defendants are likely barred as a matter of law due to judicial immunity, prosecutorial immunity, or the fact that some Defendants are not subject to being sued under Section 1983. In light of the recommended dismissal of Plaintiff's claims on the grounds discussed above, and in furtherance of the interest in judicial economy, however, the Undersigned will not address those issues at this time.

Accordingly, it is **RECOMMENDED** that Plaintiff's Complaint be **DISMISSED WITH PREJUDICE**, 28 U.S.C. § 1915(e)(2)(B), **with the exception of** any challenges to Plaintiff's underlying criminal conviction and sentence, which sound in habeas corpus and should be **DISMISSED WITHOUT PREJUDICE**, *see Sampson v. Garrett*, 917 F.3d 880, 882 (6th Cir. 2019) (directing district court to dismiss claims without prejudice under *Heck*), and any state-law claims, over which the Court should decline to exercise supplemental jurisdiction, and which should be **DISMISSED WITHOUT PREJUDICE**, *see Harper*, 392 F.3d at 210.

### IT IS THEREFORE RECOMMENDED THAT:

1. The Court **DISMISS** Plaintiff's Complaint **WITH PREJUDICE**, **with the exception of** any challenges to Plaintiff's conviction and sentence and any state-law claims, which should be **DISMISSED WITHOUT PREJUDICE**.

2. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

## PROCEDURE ON OBJECTIONS:

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to the magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted).

Date: October 3, 2025                                    /s/ Kimberly A. Jolson
                                                         KIMBERLY A. JOLSON
                                                         UNITED STATES MAGISTRATE JUDGE