UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JOHN DALE ALLEN,

    **Plaintiff,**

    v.

B. FORREN, *et al.*,

    **Defendants.**

Case Number 2:25-cv-1012
JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Kimberly A. Jolson

## OPINION AND ORDER

This matter is before the Court on a Report and Recommendation issued by the Magistrate Judge. (ECF No. 4.) After reviewing Plaintiff John Allen's Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), the Magistrate Judge recommended that this Court dismiss Plaintiff's Complaint with prejudice, with the exception of any challenges to Plaintiff's conviction and sentence and any state-law claims, which the Magistrate Judge recommended be dismissed without prejudice. (*Id.* PageID 39.) Plaintiff filed a timely Objection to the Report and Recommendation. (ECF No. 5.)

For the reasons stated in this Opinion and Order, the Court **OVERRULES** Plaintiff's Objection (ECF No. 5) and **ADOPTS** and **AFFIRMS** the Magistrate Judge's Report and Recommendation (ECF No. 4).

## BACKGROUND

Plaintiff, proceeding *pro se*, filed a Complaint asserting civil rights claims under 42 U.S.C. § 1983, the Uniform Commercial Code, and Ohio state law. (ECF No. 1-1.) Plaintiff is a resident of Westerville, Ohio and was previously incarcerated. (*Id.*) He challenges his arrest by Blendon Township police officers, his detainment in the Franklin County jail, his bail and

probation requirements, his no-contest plea, and his sentence. (*Id.*) Plaintiff brings his Complaint against several defendants: Blendon Township Officer B. Forren, Muskingum County Sheriff Matt Lutz, Muskingum County Prosecutors Ron Welch and Gerald V. Anderson, II, defense counsel Keith Edwards, Muskingum County Detective Brad Shawger, Jessica Marshall, Brandon Morgan, and Muskingum County Common Pleas Judge Kelly J. Cottrell [sic] in their individual and official capacities. (*Id.* PageID 3–4.) He also names unidentified Blendon Township Officers as J. Doe Defendants. (*Id.*)

The Magistrate Judge concluded that Plaintiff's Complaint should be dismissed for a variety of reasons, including the lack of factual allegations in support of certain claims (e.g., Plaintiff's Fourth Amendment challenges to his arrest, Plaintiff's allegation that Muskingum County had impermissible and inadequate policies, and Plaintiff's claim for conversion), Plaintiff's inability to obtain relief as a matter of law on certain claims (e.g., Plaintiff's Fourth and Fourteenth Amendment challenges to his prosecution and Plaintiff's claim under the Uniform Commercial Code), and Plaintiff's failure to follow the proper procedure for asserting certain claims (e.g., Plaintiff's excessive bond allegation). (ECF No. 4, PageID 32–39.)

Accordingly, the Magistrate Judge recommended that Plaintiff's Complaint be dismissed with prejudice, with the exception of any challenges to Plaintiff's underlying criminal conviction and sentence, which sound in habeas corpus and should be dismissed without prejudice, and any state-law claims, over which the Court should decline to exercise supplemental jurisdiction and which should be dismissed without prejudice. (*Id.* PageID 39.) The Magistrate Judge also recommended that the Court certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting the Report and Recommendation would not be taken in good faith. (*Id.*)

2

Plaintiff filed a timely Objection to the Report and Recommendation on October 10, 2025. (ECF No. 5.) Plaintiff argues that the Magistrate Judge erred by evaluating the sufficiency of his Complaint and recommending dismissal before service of process took place. (*Id.*) Plaintiff contends that the Magistrate Judge "inappropriately plead[] numerous defenses which should have been left for the defendants to plead after service of the complaint." (*Id.*)

## LEGAL STANDARD

If a party objects within the allotted time to a report and recommendation, the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The federal *in forma pauperis* statute, 28 U.S.C. § 1915, is "designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (citing *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342–43 (1948)). Recognizing, however, that a litigant whose costs are assumed by the public "lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits," Congress authorized federal courts to dismiss certain claims sua sponte. *Id.* 28 U.S.C. § 1915(e)(2) provides that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

Complaints must also satisfy Federal Rule of Civil Procedure 8(a), requiring a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The standards that the Supreme Court has articulated governing dismissals under Federal Rule of

3

Civil Procedure 12(b)(6) for failure to state a claim apply to 28 U.S.C. § 1915(e)(2). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd. P'ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013) (emphasis in original).

In evaluating a complaint to determine whether it states a claim upon which relief can be granted under Rule 12(b)(6), a court must construe it in favor of the plaintiff, accept the factual allegations contained in the pleading as true, and determine whether the factual allegations present any plausible claim. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although a plaintiff's complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Twombly*, 550 U.S. at 555 (internal citation omitted).

"Pro se complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be construed liberally." *Garrett v. Belmont Cnty. Sherriff's Dep't*, 374 F. App'x 612, 614 (6th Cir. 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Still, "a pro se pleading must provide the opposing party with notice of the relief sought, and it is not within the purview of the district court to conjure up claims never presented." *Frengler v. Gen. Motors*, 482 F. App'x 975, 977 (6th Cir. 2012).

## ANALYSIS

Plaintiff objects to the Report and Recommendation because the Magistrate Judge evaluated his Complaint and recommended dismissal before service of process took place. (ECF

4

No. 5.) Plaintiff views the Magistrate Judge's Report and Recommendation as inappropriately "pleading defenses for the defendants," "abandon[ing] her role of neutral arbiter," and "conducting a private litigation with the plaintiff while the defendants sit on the sidelines." (*Id.*)

Here, Plaintiff is proceeding *in forma pauperis* (ECF No. 2), and the Magistrate Judge complied with the federal *in forma pauperis* statute by recommending dismissal of an action that she determined failed to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2) expressly requires courts to "dismiss the case *at any time*" if the court determines that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2) (emphasis added). As the Supreme Court explained, "[d]ismissals on these grounds are often made *sua sponte* prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke*, 490 U.S. at 324.

The statute does not require courts to wait until service of process has been completed or until defendants assert their defenses to evaluate the sufficiency of a complaint filed by a plaintiff proceeding *in forma pauperis*. *Epps v. Lindner*, No. 1:19-cv-968, 2020 WL 7585605, at *4 (S.D. Ohio Dec. 22, 2020) (Cole, J.) (explaining that "some district courts in this Circuit have concluded that they are *required* under 28 U.S.C. § 1915(e)(2)(B) to screen and dismiss *before service* any *in forma pauperis* action that . . . fails to state a claim on which relief may be granted," while "other courts suggest that district courts are not necessarily *required* to dismiss such a case before service but rather may do so," but, either way, "the Court is not aware of any authority (in this Circuit or elsewhere) that says courts *cannot* dismiss an action under [28] U.S.C. § 1915(e)(2)(B) before a defendant has been served" (citations modified)). Although

Plaintiff may disapprove of the procedure and timing set forth in 28 U.S.C. § 1915(e)(2), that is not a valid reason for this Court to reject the Magistrate Judge's Report and Recommendation.

## CONCLUSION

For the reasons set forth above, the Court **OVERRULES** (ECF No. 5) Plaintiff's Objection and **ADOPTS** and **AFFIRMS** (ECF No. 4) the Magistrate Judge's Report and Recommendation. The Court **DISMISSES** Plaintiff's Complaint **WITH PREJUDICE**, with the exception of any challenges to Plaintiff's conviction and sentence and any state-law claims, which the Court **DISMISSES WITHOUT PREJUDICE**. The Court **CERTIFIES** pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this Opinion and Order adopting the Magistrate Judge's Report and Recommendation would not be taken in good faith.

The Clerk is **DIRECTED** to enter judgment, close this case on the Court's docket, and mail a copy of this Opinion and Order to Plaintiff John Allen at 3561 Rangoon Drive, Westerville, Ohio 43081.

**IT IS SO ORDERED.**

**1/16/2026**  
**DATE**

s/Edmund A. Sargus, Jr.  
**EDMUND A. SARGUS, JR.**  
**UNITED STATES DISTRICT JUDGE**